NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0352n.06
Filed: May 18, 2007

No. 06-5425

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **CARLOS DAMIAN**, | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant*. | ) | |

BEFORE:     **COLE and McKEAGUE, Circuit Judges; COHN, Judge.**[*]

**PER CURIAM.**  Defendant-Appellant Carlos Damian appeals his sentence based on his guilty plea to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.  Damian contends that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), which makes the Federal Sentencing Guidelines advisory.  Because the district court recognized the Guidelines' advisory nature and properly considered other statutory sentencing factors, we **AFFIRM**.

On November 10, 2005, Damian pleaded guilty to conspiring to distribute over 500 grams of methamphetamine.  He allegedly was not the mastermind of the operation, but transported the drugs.  At sentencing on March 16, 2006, the district court determined that the Guidelines sentencing range was 168 to 210 months, based on an offense level of 33 and a criminal-history category of III.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

The court then considered the statutory requirements of 18 U.S.C. § 3553(a) before imposing a sentence. With regard to Damian's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), Damian's attorney explained that Damian has a two-and-a-half-year-old child whom Damian is raising alone (though Damian made arrangements for one of his sisters to raise the child should he be imprisoned), and that Damian had maintained employment to provide for his child. With regard to the seriousness of the offense, *see id.* § 3553(a)(1)(A), Damian's attorney noted that Damian was just a deliverer of the drugs; did not share in the profits of the operation (he received a set fee); and did not have organizational control of the operation. The attorney then explained that these circumstances warranted adherence to the advisory nature of the Guidelines under *Booker*. The attorney further contended that Damian's criminal-history category was overstated, noting that it was based in part on four prior misdemeanors. Without those, the attorney explained, Damian's criminal-history category would be only I instead of III, leaving a Guidelines range of 135 to 168 months.

The district court then sentenced Damian, "pursuant to the Sentencing Reform Act of 1984, as amended or modified by the United States Supreme Court in its 2005 *Booker* and *Fanfan* decisions," to 160 months in prison—eight months below the bottom of the advisory range. (Joint Appendix 102.) The court explained that although Damian's "criminal history is significant," this eight-month downward variance under § 3553(a) was reasonable "given the nature of some of the offenses." (*Id.*)

Damian argues on appeal that his sentence violates his Sixth Amendment rights in light of *Booker* because "there is a strong inference that the district court would have imposed [a] lesser sentence under non-mandatory guidelines." This strong inference arises, he says, because of the

arguments he raised in the district court regarding his young child and his four misdemeanors. But the district court recognized the advisory nature of the Guidelines and considered these factors when imposing Damian's sentence. Indeed, it imposed a sentence *below* the advisory range. Damian essentially pretends the district court's decision was pre-*Booker* and therefore contends on appeal that the district court should do again—consider these factors under the advisory Guidelines when sentencing him—what the district court already did. He does not otherwise argue that his sentence is procedurally or substantively unreasonable. His appeal is therefore without merit, and his sentence is **AFFIRMED**.